FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 24, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS NAVARRO,<br><br>Defendant. | No: 1:17-cr-2025-LRS-1<br><br>ORDER GRANTING MOTION TO VACATE CONVICTION |

BEFORE THE COURT is the Defendant's Motion to Vacate Conviction in Light of *Rehaif v. United States*, 139 S.Ct. 2191 (2019), pursuant to 28 U.S.C. § 2255. ECF No. 82. This matter was heard on July 24, 2020 without oral argument. The Court, having reviewed the record, the parties' briefing, and the relevant authorities, is fully informed. For the reasons discussed below, Defendants' Motion to Vacate Conviction, ECF No. 82, is GRANTED.

## BACKGROUND

In June 2017, Defendant was charged with being a felon in possession of a firearm. ECF No. 1. He was indicted on June 13, 2017 for being a felon in

ORDER - 1

possession of a firearm and ammunition under 18 U.S.C. § 922(g)(1). ECF No. 13. On August 14, 2017, Defendant pled guilty to the indictment. ECF No. 46, 48. Pursuant to the plea agreement, Defendant conceded that he had previously been convicted of a crime punishable by a term exceeding one year. ECF No. 48. On November 17, 2017, Defendant was sentenced to 51 months imprisonment with credit for time served, to be followed by three years of supervised release. ECF No. 60.

At the time of Defendant's plea, he had three prior state convictions which were the basis for the charge of felon in possession of a firearm: (1) felony violation of a protection order domestic violence, which has a standard sentencing range of 6-12 months with an actual sentence of 6 months; (2) felony harassment of another – threat to kill, which has a standard sentencing range of 1-3 months with an actual sentence of one month; and (3) second degree unlawful possession of a firearm, which has a standard sentencing range of 3-8 months with an actual sentence of 6 months. ECF No. 87-1 at 2-3, 87-2 at 2, 87-3 at 2. The potential maximum sentence for each crime was five years. *Id.*

## DISCUSSION

Defendant's plea agreement acknowledged that the Government could prove the facts necessary for conviction under the three elements of Section 922(g)(1):

(1) The defendant knowingly possessed a firearm and ammunition;

(2) The firearm had been shipped form one state to another; and

ORDER - 2

(3)     At the time Defendant possessed the firearm and ammunition, he had been convicted of a crime punishable by imprisonment for a term exceeding one year.  The plea agreement was a correct application of the law at the time it was entered.

Defendant's Motion to Vacate his conviction under 18 U.S.C. § 922(g)(1) is primarily based on a 2019 U.S. Supreme Court decision, *Rehaif v. United States*, 139 S.Ct. 2191.  In that case, the Supreme Court reinterpreted section 922(g) and concluded that "in a prosecution under 18 U.S.C § 922(g), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 129 S.Ct. at 2200.  Defendant argues the Court should vacate his conviction because the requisite *mens rea* under *Rehaif* was not established.  ECF No. 82 at 4-8. The Government contends Defendant is not entitled to relief under *Rehaif* because his claim is procedurally barred since he did not challenge the voluntariness or intelligence of his plea at sentencing or on direct appeal. ECF No. 86 at 2.

Although *Rehaif* appears to apply to this case, the Court need not decide whether Defendant's claim is procedurally barred because the Government concedes other grounds exist to grant Defendant's request for relief.  ECF No. 86 at 4.

At the time of the plea agreement, the determination of whether a prior conviction was a felony for purposes of 18 U.S.C. § 992(g) was based on the potential maximum sentence defined by the applicable state criminal statue. *See U.S. v. Murillo*, 422 F.3d 1152 (9th Cir. 2005).  Under that framework, Defendant's

ORDER - 3

1    plea agreement was lawful because his prior convictions qualified as felonies since

2    each crime carried a potential maximum penalty of five years imprisonment.  ECF

3    No. 87-1 at 2-3, 87-2 at 2, 87-3 at 2.  However, in 2019 the Ninth Circuit decided

4    *United States v. Valencia-Mendoza*, 912 F.3d 1215, and *United States v. McAdory*,

5    935 F.3d 838, which together held that a conviction under Washington State statutes

6    is a felony for purposes of section 922(g)(1) if the defendant's conviction actually

7    exposed the defendant to more than a year of imprisonment under the mandatory

8    sentencing scheme rather than the statutory maximum penalty.  Under this

9    framework, none of Defendant's prior convictions were felonies for purposes of

10   section 922 (g)(1) since the mandatory sentencing ranges were 1-3 months, 3-8

11   months, and 6-12 months, and Defendant was sentenced to no more than 6 months

12   imprisonment for any prior conviction.  ECF No. 87-1 at 2-3, 87-2 at 2, 87-3 at 2.

13        The Government concedes that none of Defendant's prior convictions had a

14   standard range of more than one year of imprisonment and that current law would

15   not support the charge that was the basis for the guilty plea today.  ECF No. 86 at 4.

16   Further, the Government waives possible challenges to Defendant's request on the

17   basis of the limitations period or other defenses.  ECF No. 86 at 5.  Thus, the

18   Government concedes that Defendant is entitled to relief.  ECF No. 86 at 5.

19        Based on the foregoing, the Court concludes that Defendant is entitled to

20   relief as a matter of law and his Motion to Vacate Conviction is GRANTED.

21   Accordingly, IT IS HEREBY ORDERED:

     1.  Defendant's Motion to Vacate Conviction, **ECF No. 82**, is **GRANTED.**

ORDER - 4

2. The Judgement and Sentence dated November 17, 2017, **ECF No. 60**, is **VACATED**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to the U.S. Attorney and counsel.

**DATED** July 24, 2020.

                              *Lonny R. Suko*
                              LONNY R. SUKO
                              Senior United States District Judge

ORDER - 5